UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JWI SECURED FUND, LLC, <br> Plaintiff, <br> v. <br> SALVADOR I. TORRES, et al., <br> Defendants. | Case No. 18-cv-06686-JSW <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 10 11 |

Now before the Court is the motion to remand filed by Plaintiff JWI Secured Fund, LLC ("Plaintiff"). The Court finds this motion suitable for disposition without oral argument. Accordingly, the hearing set for January 4, 2018 is HEREBY VACATED. *See* N.D. Cal. Civil L.R. 7-6. Having carefully reviewed Plaintiff's papers and considered its arguments and the relevant legal authority[1], the Court HEREBY GRANTS Plaintiff's motion to remand and HEREBY REMANDS this action to the Superior Court of the State of California for the County of Contra Costa ("Contra Costa Superior Court").[2]

**BACKGROUND**

Plaintiff was the successful bidder but not the foreclosing beneficiary at a foreclosure sale of the real property commonly known as 2432 Glenlock Street, San Pablo, California, 94806 ("Real Property"). (Dkt. No. 12 (Declaration of Francis Ho ("Ho Decl.")) ¶ 2.) The Trustee's Deed Upon Sale ("Trustee's Deed") was recorded on May 1, 2018. (*Id.*) Salvador and Lillian Torres ("Defendants") were the prior owners of the Real Property according to the Trustee's Deed.

---

[1] No opposition was filed to Plaintiff's motion to remand.

[2] Plaintiff's unopposed motion to shorten time is HEREBY DENIED as moot. Plaintiff's unopposed request for judicial notice is HEREBY GRANTED.

(*Id.* ¶ 3.) When the occupants refused to vacate the Property after being served with a three-day notice, Plaintiff filed an unlawful detainer complaint on May 10, 2018 in Contra Costa Superior Court ("Unlawful Detainer Case"), Case No. RS 18-0350. (Dkt. No. 1.) Miguel and Milagros Rosales ("Rosales Claimants") filed a Pre-Judgment Claim in the Unlawful Detainer Case, as did Rodolfo Aburto ("Aburto"), among others. (Ho Decl. ¶ 4.)

The trial for the Unlawful Detainer Case was originally set for July 31, 2018, but was continued by the Rosales Claimants' bankruptcy filings. (*Id.* ¶ 5.) An order granting a motion for relief from the automatic bankruptcy stay was entered in favor of Plaintiff on September 5, 2018. (*Id.* ¶ 6; Dkt. No. 13 at p. 8.) On September 11, 2018, Mr. Aburto removed the Unlawful Detainer Case to federal court (18-cv-5564-JSW ("Torres #1")). (Ho Decl. ¶ 7.) This Court issued an order remanding Torres #1 on October 4, 2018. (*Id.* ¶ 8; Dkt. No. 13 at p. 6 (Order Remanding 18-cv-5564-JSW).) On November 2, 2018, the day before the new trial date in Contra Costa Superior Court, the Rosales Claimants removed the case to this Court. (Ho Decl. ¶ 9; Dkt. No. 1.)

## ANALYSIS

### A. Applicable Legal Standard.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, original federal jurisdiction exists only in "civil actions arising under the Constitution, laws, or treaties of the United States." Generally, removal is improper if,

2

upon examination of the "well-pleaded" allegations, the complaint does not affirmatively allege a federal claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

**B.     The Court Grants the Motion to Remand.**

As an initial matter, it is not clear to the Court that the Rosales Claimants are defendants. *See* 28 U.S.C. § 1446(a) (only a defendant may remove a case).[3] The Rosales Claimants have not shown that they are defendants in this case with standing to remove, or, if they are defendants, that the other named defendants have joined in the removal. This alone merits remanding the case to Contra Costa Superior Court.

Even if the Rosales Claimants were defendants, they have not established a basis for subject matter jurisdiction. They, like Mr. Aburto, assert diversity jurisdiction under 28 U.S.C. § 1332, but provide no information regarding the states of any party's citizenship. (Dkt. No. 1 ¶¶ 6-13.) The Rosales Claimants' diversity jurisdiction argument appears, as far as the Court can make out, to confuse the issues of standing, failure to state a claim, and the requirements of diversity jurisdiction. Because the Rosales Claimants have made no showing of diversity of citizenship, the Court need not examine whether they have shown the amount in controversy exceeds $75,000 as required.

Finally, the Rosales Claimants' position that removal is predicated upon a "federal question" is mistaken. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

---

[3] They are not named as defendants on the face of the underlying complaint. (*See* Dkt. No. 1 at p. 8-13.)

3

plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation omitted).

The underlying complaint in the Unlawful Detainer Case is premised entirely on California law. The Rosales Claimants' assertions are, at best, defenses or potential counterclaims; neither of which are material for evaluating whether a federal question appears on the face of a complaint. *Vaden v. Discover Bank*, 556 U.S. 49 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"). Accordingly, as the Rosales Claimants have failed to demonstrate that this Court has jurisdiction over the Unlawful Detainer Case, the Court remands this case to Contra Costa Superior Court.[4]

**C. The Court Declines to Award Attorneys' Fees.**

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).

At this juncture, the Court declines to impose sanctions or award attorneys' fees. On the one hand, the Rosales Claimants' removal was objectively unreasonable (as was the first removal). Further, the Rosales Claimants' filed the notice of removal on the eve of trial, which suggests they acted with an improper motive. On the other hand, the Rosales Claimants, like Mr. Aburto (the party instigating the first removal), are unrepresented and indigent[5], and the Court is desirous of affording all appropriate leeway to pro se parties.

Accordingly, the Court declines to award attorneys' fees, but advises Mr. Aburto, the

---

[4] Plaintiff also argues the motion to remove was untimely. A party seeking removal must file a notice of removal of a civil action within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The Unlawful Detainer Case complaint was filed on May 10, 2018. Presuming for the moment that the Rosales Claimants were indeed parties, Plaintiff has presented the Court with no information demonstrating when the Rosales Claimants received a copy of the initial pleading. The Court might assume that the Rosales Claimants had received a copy of the initial pleading when they filed their pre-judgment claim, and start the removal clock from that date, but Plaintiff did not disclose the date of this filing.

[5] Plaintiff's counsel indicates that it is uncertain whether the removing parties are indeed "real" people, but provides no evidence (other than the absence of contact) that they are fictitious personalities. (*See* Ho Decl. ¶ 10.)

4

Rosales Claimaints, and any other interested parties that further unreasonable removals of this underlying unlawful detainer action *will result in the imposition of sanctions*.

**CONCLUSION**

The Court HEREBY REMANDS this case to Contra Costa County Superior Court, and the Clerk shall close this file.

IT IS SO ORDERED.

Dated: December 20, 2018

JEFFREY S. WHITE
United States District Judge